IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY A. COLLINS,

                Petitioner,

vs.                                    Case No. 16-CV-00692-DRH

UNITED STATES OF AMERICA

                Respondent.


**MEMORANDUM AND ORDER**

**HERNDON, District Judge**:

Now before the Court is Petitioner Gregory A. Collins'  June 23, 2016, 28 U.S.C. § 2255 petition (Doc. 1). This is not Collins' first 2255 petition. On February 25, 1998, Collins filed a § 2255 petition. See *Collins v. USA*, 98-cv-00156-WDS (Doc. 1). On September 18, 1998, District Judge William D. Stiehl granted in part and denied in part Collins' petition and judgment was entered (*Id.* at Docs. 9 & 10).[1] Thereafter, Collins appealed to the Seventh Circuit Court of Appeals. (*Id.* at Doc. 13). On April 9, 2003, the Seventh Circuit issued its Mandate dismissing Collins' appeal. (Id. at Doc. 24).

Because Collins previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided in [28 U.S.C. § ]

---

[1] The § 2255 motion was  granted as to count 2 only, and the conviction and sentence on count 2 in case number 91-30018-WDS were vacated and set aside. Collins' sentence of life without parole on counts 1 and 12, and 240 months on count 13, to be served concurrently with counts 1 and 12, remained unaffected by the Court's order.

2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); see also 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton v. United States*, 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Collins requested that his second § 2255 case be stayed pending approval from the Seventh Circuit, thus allowing him to comply with the *Johnson v. United States*, 135 S. Ct. 2551 (2015) one-year filing deadline (Doc. 1). However, on  July 20, 2016, the Seventh Circuit issued an order that states the following:

> Gregory Collins has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Collins wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Collins was not sentenced as either an armed career criminal or a career offender. Collins's sentence was enhanced under 21 U.S.C. § 841(b)(1)(A) for previously having been convicted of a felony drug offense, but Johnson has no conceivable relation to this statutory

enhancement. Collins does not identify any other way in which either his conviction or sentence might be affected by *Johnson*.

Collins has not made a prima facie showing that his sentence violates *Johnson*. Accordingly, we **DENY** authorization and **DISMISS** Collins's application.

*Collins v. United States*, No. 16-2662 (7th Cir. July 20, 2016). Obviously, this does not constitute authorization from the Seventh Circuit Court of Appeals.

Therefore, this Court cannot provide Collins with the authorization to proceed with this 2255 petition. Thus, the Court dismisses for lack of subject matter jurisdiction Collins' petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Collins' 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability. The Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 8th day of November, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.11.08
13:40:42 -06'00'

**United States District Court Judge**